**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | |
|---|---|
| JOHN BORGMAN,<br>on behalf of plaintiff  and<br>all others similarly situated, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )<br>) |
| FINANCIAL BUSINESS AND<br>CONSUMER SOLUTIONS, INC., f/k/a<br>FBCS, INC., and FBCS SERVICES; and<br>JH PORTFOLIO DEBT EQUITIES, LLC,<br>d/b/a/ JH CAPITAL GROUP, | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

## COMPLAINT  – CLASS ACTION

## INTRODUCTION

1.      Plaintiff John Borgman brings this action to secure redress from unlawful credit

and collection practices engaged in by defendants (1) Financial Business and Consumer

Solutions, Inc., f/k/a FBCS, INC., and FBCS Services ("FBCS"), and (2)  JH Portfolio Debt

Equities, LLC, d/b/a JH Capital Group ("JHP").   Plaintiff alleges violation of the Fair Debt

Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2.      The FDCPA broadly prohibits unfair or unconscionable collection methods,

conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in

connection with debt collection attempts. It also requires debt collectors to give debtors certain

information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3.      In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the

use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive

1

debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

4.     Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

5.     The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

6.     Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq*.

## VENUE AND JURISDICTION

7.     This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA) and 28 U.S.C. §§1331, 1337 and 1367.

8.     Venue and personal jurisdiction in this District are proper because:

     a.     Defendants' collection communications were received by plaintiff within this District;

     b.     Defendants transact business within this District.

## PARTIES

9.     Plaintiff John Borgman is an individual who resides in Elkhart, Indiana.

10.     Defendant JHP is a limited liability company chartered under California law with principal offices at 5757 Phantom Drive, Suite 225, Hazelwood, MO 63042.  It does business in Indiana.  Its registered agent and office are CT Corporation System, 150 West Market Street,

Suite 800, Indianapolis, IN, 46204 or 208 S. LaSalle Street, Suite 814, Chicago, IL 60604.

11.    JHP is engaged in the business of a debt buyer, acquiring or claiming to acquire consumer debts originally owed to others, and attempting to collect them.

12.    JHP uses the mails and telephone system to conduct business.

13.    JHP is a debt collector under the FDCPA.

14.    Defendant FBCS is a Pennsylvania corporation with principal offices at 330 S. Warminster Road, Suite 353, Hatboro, PA 19040.  It does business in Indiana.  Its registered agent and office is Corporation Service Company, 135 North Pennsylvania Street, Suite 1610, Indianapolis, IN, 46204.

15.    FBCS is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

16.    FBCS states on its web site that "We are a nationally licensed and bonded collection agency offering pre-charge off, early out, and third party collection services for clients across a variety of industry verticals."  (https://www.fbcs-inc.com/about-fbcs-collection-agency/)

17.    FBCS is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes.

18.    FBCS is a debt collector as defined in 15 U.S.C. §1692a.

19.    All acts of FBCS complained of herein were taken on behalf of JHP, as its agent.

<u>FACTS</u>

20.    Defendants have been attempting to collect from plaintiff a Target credit card.

21.    The card was used for personal, family or household purposes and not for business purposes.

22.    On or about February 7, 2017, FBCS, on behalf of JHP, mailed the debt collection

3

letter attached as <u>Exhibit A</u> to plaintiff for the purpose of collecting the Target account.

      23.    <u>Exhibit A</u> is a form letter, generated by computer, with the information specific to plaintiff inserted by computer.

      24.    <u>Exhibit A</u> offers a series of settlements to plaintiff, adding that FBCS "is not obligated to renew this offer."

      25.    <u>Exhibit A</u> states that the balance due is $1,587.72.

      26.    <u>Exhibit A</u> offers several settlement offers:

        a.    $952.63 payment, or $635.09 off;

        b.    $190.53 and $762.10 in 30 days, or $635.09 off;

        c.    Six payments of $158.77, or $635.10 off.

      27.    <u>Exhibit A</u> states that "If, as a result of this settlement, the amount forgiven or cancelled on this debt equals or exceeds $600, the IRS may require the creditor to report the amount forgiven or cancelled on a Form 1099-C.  You may receive this form for the year in which the settlement is completed.  If you would like advice about the potential tax consequences that may result from this settlement, my client recommends that you consult a tax professional of your choosing.  My client does not make any representations about the tax consequences that this settlement may have for you or any reporting requirement that may be imposed."

<u>**COUNT I – FDCPA**</u>

      28.    Plaintiff incorporates paragraphs 1-27.

      29.    The Internal Revenue Code, 26 U.S.C. §6050P, and Treasury Regulations, 26 C.F.R.  §1.6050P-1 requires reporting of certain discharges of indebtedness.

      30.    Reporting is not required:

        a.    Of the discharge of indebtedness that is interest or other non-principal

4

amounts, 26 C.F.R. §§1.6050P-1(d)(2) and (3);

    b.      Of the discharge of principal not exceeding $600;

    c.      Of debt discharged in bankruptcy.

31.     Furthermore, even if the discharge of indebtedness has to be reported, there are substantial exceptions to the tax consequences of the discharge of indebtedness, namely the receipt of income from the discharge of indebtedness.

32.     No taxable income results from the discharge of indebtedness if:

    a.      The debtor is insolvent, whether he files bankruptcy or not;

    b.      The debt is disputed.

33.     Many or most persons who are unable to pay credit card and similar personal debts are insolvent and will not realize income from the discharge of such debts. In many cases, no 1099C is required because they filed bankruptcy or the amount of principal discharged is under $600. If a consumer is insolvent but has not filed bankruptcy the "tax consequences" consists of filing a form so stating.

34.     It is thus entirely possible to forgive $600 or more of the debt and yet not be required to file a 1099C and not have income.

35.     On information and belief, a substantial portion of the debt described in Exhibit A – well in excess of $635.10 – consists of interest, late fees, overlimit fees, and other non-principal amounts.

36.     Plaintiff had been in financial distress and insolvent at the time the letter was sent.

37.     Referring to tax consequences in a collection letter is intimidating and misleading, suggesting to the unsophisticated debtor that failure to pay the debt will give rise to IRS problems.

5

38.     Defendants' letter misleads the unsophisticated consumer that:

a.     Unless the consumer pays the entire amount that the defendant alleges is owed on the alleged debt, the consumer is going to be reported to the IRS.

b.     Unless the consumer pays the entire amount the letter alleges is owed for the debt, the consumer is going to have to pay taxes on the unpaid balance.

39.     Defendants' letter incorrectly states that any forgiveness or calculation of $600 or more must be reported and has tax consequences, whereas in fact only non-principal amounts count.

40.     Defendants voluntarily choose to give the tax advice found in defendant's letter. No law or regulation obligates defendants to include the statement complained of in collection letters.

41.     Defendants violated 15 U.S.C. §§1692e, 1692e(2) and 1692e(10) by making misrepresentations in Exhibit A concerning tax consequences.

42.     Misrepresentation of a debtor's rights or liabilities under the Internal Revenue Code in connection with the collection of a debt is an FDCPA violation. *Kaff v. Nationwide Credit, Inc*., 13cv5413, 2015 WL 12660327 (E.D.N.Y., March 31, 2015); *Wagner v. Client Servs., Inc.,* 08cv5546, 2009 WL 839073, at *4 (E.D. Pa. Mar. 26, 2009); *Good v. Nationwide Credit, Inc.,* 55 F. Supp. 3d 742 (E.D. Pa. 2014); *Kuehn v. Cadle Co.*, 5:04cv432, 2007 WL 1064306 (M.D.Fla., April 6, 2007), aff'd 335 Fed. Appx. 827 (11th Cir. 2009).

## CLASS ALLEGATIONS

43.     Plaintiff seeks to represent a class and subclass pursuant to Fed.R.Civ.P. 23(a) and (b)(3).

44.     The class includes (a) all individuals with Indiana addresses (b) to whom FBCS

6

sent a letter offering a settlement (c) which letter referred to tax consequences or 1099C filing, (d) where the letter was sent on or after one year prior to the date this complaint was filed and on or before 21 days after the date this complaint was filed.

45.    The subclass includes class members where the letter was sent on behalf of JH Portfolio Debt Equities, LLC.

46.    On information and belief, the class and subclass each contain at least 40 members, making joinder of all members impracticable.

47.    There are questions of law and fact common to members of the class, which questions predominate over any individualized questions. The common and predominant question is whether defendants' statements regarding IRS reporting and tax consequences are false or misleading.

48.    Plaintiff's claim is typical of the claims of the class members, as it is based on the same facts and legal theories as claims held by class members.

49.    Plaintiff will fairly and adequately represent the class members. Plaintiff has the same interests in pursuing relief for defendants' illegal conduct as class members have, and has no claims antagonistic to class' members claims. Plaintiff has retained counsel experienced in class actions and FDCPA litigation who can and will vigorously prosecute the litigation.

50.    A class action is superior to other claim resolution methods, because individual actions (on the same facts and law) are not economically feasible, members of the classes are likely to be unaware of their rights, and Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment for plaintiff and the class members and against defendants for:

        i.      statutory damages,

        ii.     attorney's fees, litigation expenses and costs of suit, and

        iii.    all other proper relief.

.

                    /s/Daniel A. Edelman
                    Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:  courtecl@edcombs.com

C:\Users\rcoteswelsh\Desktop\IN THE UNITED STATES DISTRICT COURTFOR THE NORTHERN DISTRICT OF.wpd

## **NOTICE OF ASSIGNMENT**

Please be advised that all rights relating to attorney's fees have been assigned to counsel.


/s/Daniel A. Edelman
Daniel A. Edelman


Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## <u>DOCUMENT PRESERVATION DEMAND</u>

Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.


<u>/s/ Daniel A. Edelman</u>
Daniel A. Edelman